```
                     UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF MISSOURI
                            EASTERN DIVISION
```

ROBERT HUTTON,                       )
                                     )
              Petitioner,            )
                                     )
         v.                          )     No. 4:11-CV-2025-SNLJ
                                     )
JAMES HURLEY,                        )
                                     )
              Respondent.            )

## MEMORANDUM AND ORDER

This matter is before the Court upon review of petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Doc. #1].

### The petition

Petitioner asserts that he received an enhanced sentence under Missouri Revised Statute § 558.018.  He claims that the enhancement was unconstitutional, because he was denied the proper hearings, and he was sentenced by the state trial judge, "without allowing jury input."

### Discussion

Petitioner labeled his suit as one brought under § 2241; however, because he is in custody pursuant to a state court judgment, the only habeas corpus vehicle available to him to attack his present confinement is 28 U.S.C. § 2254.  See Crouch v. Norris, 251 F.3d 720, 722-23 (8th Cir. 2001 (state prisoners "can only obtain habeas relief through § 2254, no matter how

[their] pleadings are styled"). For this reason, this Court is unable to grant petitioner a writ of habeas corpus under § 2241.

Although the Court is required to liberally interpret prisoner petitions, Haines v. Kerner, 404 U.S. 519, 520 (1972), construing the instant action as one arising under § 2254 is problematic. A review of this Court's records indicates that petitioner has already sought and been denied § 2254 relief concerning the underlying conviction and sentence. See Hutton v. Groose, No. 4:97-CV-406-DJS (E.D. Mo.).[1] This Court lacks jurisdiction to entertain a second or successive § 2254 petition brought by the petitioner unless the Eighth Circuit Court of Appeals has authorized it. See 28 U.S.C. § 2244(B)(3)(A). There is no indication that the Eighth Circuit has authorized petitioner to file a second petition. Therefore, the instant action, if re-characterized, would result in the dismissal of this action, because the Court would not have jurisdiction over the successive § 2254 action.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that petitioner's petition for habeas corpus relief pursuant to 28 U.S.C. § 2241 [Doc. #1] is **DENIED.**

---

[1] The Court notes that on September 25, 2006, petitioner filed a 28 U.S.C. § 2241 action that is very similar to the case at bar. See Hutton v. Moore, 4:06-CV-1416-CEJ (E.D. Mo.). The Court dismissed that case on the ground that § 2241 relief was unavailable to petitioner. The Court further noted that liberally construing the action under § 2254 would result in the dismissal of the case as successive.

A separate Order of Dismissal shall accompany this Memorandum and Order.

Dated this 31st  day of   January, 2012.

                                                      **UNITED STATES DISTRICT JUDGE**